## THE BALTIC.

### (District Court, S. D. New York. March 21, 1914.)

1. Shipping (§ 115*)—Carriage of Goods—Liability for Nondelivery.

The failure of an importer, who had paid the duty on perishable goods billed to arrive on a designated vessel to adjust with the customs officers on the arrival of a part of the goods on a later vessel, and the failure to remove the later arriving goods within a reasonable time, were an abandonment of the goods, defeating a claim for nondelivery, though a bill of lading was not delivered.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 226, 433; Dec. Dig. § 115.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. SHIPPING (§ 120*)—CARRIAGE OF GOODS—LIABILITY FOR LOSS.
Where imported goods were so negligently confused by being mixed with other shipments of a like character that the consignee could not find and remove all his goods, the carrier was liable for the loss sustained by the condemnation of the goods by the health department.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 225, 226, 440–448, 466; Dec. Dig. § 120.*]

In Admiralty. Libel in rem for conversion of merchandise by William N. White and another against the steamship Baltic, White Star Line; the Oceanic Steam Navigation Company, claimant. Decree for libelants.

Charles Caldwell, of New York City, for libelants.

Burlingham, Montgomery & Beecher, both of New York City (George R. Allen and Roscoe H. Hupper, both of New York City, of counsel), for claimant.

HAZEL, District Judge. I think it is fairly shown that 93 of the missing bags of potatoes, marked W & S with B underneath, came on the Cedric, and that libelants had due notice of their arrival. The belief of the libelants that the entire shipment of 1,176 bags of potatoes arrived on the steamer Baltic, and that part of this consignment was mixed with other bags similarly marked, and delivery thereof made to Bennett, is, I think, erroneous.

[1] Forwarding the bags short shipped by the Baltic on the next departing steamer was within the legal rights of the claimant, and under the bill of lading it was libelants' duty to accept delivery thereof on the wharf and to remove same with reasonable promptitude. While it is true libelants sent their employés to receive the bags of potatoes which they were informed were at the pier, yet until the customs duty was specifically paid thereon the claimant was not obliged to deliver the commodity, and they cannot now excuse their failure to comply with the statute relating to the payment of duty by showing that they had previously paid the duty on 130 bags billed to arrive on the Baltic, 93 of which were the bags in question. They should have adjusted the question of duty with the customs officials on the arrival of the later shipment by transferring thereto the customs duties paid on the 130 bags expected on the Baltic, and should not have insisted that this task devolved upon the claimant. In my estimation the failure to pay the customs duty on the potatoes arriving on the Cedric and to remove them within a reasonable time constituted an abandonment. The cargo was by its nature perishable, and libelants are presumed to have been aware of the regulations of the Health Department authorizing seizure and destruction of decayed cargo, and of the provisions of the Treasury Department for the seizure by customs officials of goods upon which duty remains unpaid. Omission to specifically pay duty on the 93 bags is not excused by reason of the fact that a bill of lading therefor was not delivered to libelants, inasmuch as the so-called short shipped potatoes were included in the original bill of lading.

[2] It is, however, thought to be fairly shown that the 17 bags of potatoes arriving on the Baltic and condemned by the Health Depart-

ment should have been delivered to libelants' employés with the major portion of the consignment. Such delivery could easily have been made if the bags had not been mixed with other shipments of a like character when the cargo was discharged. If it had not been for such negligent confusing of consignments, libelants' employés no doubt would have found and removed all the bags marked W & S with B underneath.

My conclusion is that libelants should recover from the claimant, the Oceanic Steam Navigation Company, Limited, the value at the New York market price, $42.50, of the 17 bags of potatoes condemned by the health department, which concededly arrived on the Baltic and were not promptly delivered, together with the sum of $10 carting expenses incurred by delayed delivery, for which amount libelants may have a decree, with one-half costs.